# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1828V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| MUAMERA HASANOVIC, | * | |
| Petitioner, | * | Special Master Shah |
| v. | * | Filed: March 13, 2025 |
| SECRETARY OF HEALTH AND HUM. SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Jessica Wallace,* Conway, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
*Traci R. Patton,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 9, 2021, Muamera Hasanovic ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleged that she suffered from anaphylaxis and vasovagal syncope, with sequela of supraventricular tachycardia ("SVT"), anxiety, and depression as a result of the tetanus diphtheria acellular pertussis ("Tdap") vaccination she received on July 30, 2020. *See id*. On July 2, 2024, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted in a Decision awarding compensation filed that same day. ECF Nos. 55, 56. Petitioner was awarded $9,500.00. ECF No. 56.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On August 9, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs. ECF No. 62. Petitioner requests attorneys' fees and costs in the amount of $64,063.16, representing $62,483.20 in attorneys' fees and $1,579.96 in attorneys' costs. Fees App. at 9. Petitioner indicates that she personally has not incurred any costs related to the prosecution of her petition. *Id*. at 1. Respondent responded to the motion ("Fees Resp.") on August 14, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 4 (ECF No. 68). Petitioner did not file a reply.

This matter is now ripe for consideration.

I.   **Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   A.  **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorneys: for Ms. Alison Haskins, $510.00 per hour for work performed in 2024; for Ms. Jessica Wallace, $231.00 per hour for work performed in 2020, $241.00 per hour for work performed in 2021, $275.00 per hour for work performed in 2022, $285.00 per hour for work performed in 2023, and $320.00 per hour for work performed in 2024; for Ms. Debra Gambella, $380.00 per hour for work performed in 2022, and $424.00 per hour for work performed in 2024; for Ms. Daisy Mazoff, $375.00 per hour for work performed in 2022; and for Ms. Kathleen Prlich, $470.00 per hour for work performed in

2022. The rates for Ms. Haskins, Ms. Wallace, Ms. Gambella, and Ms. Mazoff are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Jett-Crawford v. Sec'y of Health & Hum. Servs.*, No. 21-2157V, 2024 WL 5320023, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2024). Attorney Prlich's rate requires an adjustment.

Attorney Kathleen M. Prlich, J.D., RN-BC, has been licensed to practice law since 1987, holds a nursing degree, and has experience in clinical nursing practice. Fees App. at 8; Ex. 24 at 3-4. This appears to be Attorney Prlich's first case in the Vaccine Program and her hourly rate has not been addressed in any prior Vaccine Program fees decisions. Although requested rate of $470.00 per hour would be reasonable for an attorney with Attorney Prlich's level of practice experience in 2022 (35 years), she was not admitted to the bar of the United States Court of Federal Claims ("USCFC") until August 2023.

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In circumstances where counsel is not a member of the USCFC bar, the Vaccine Program has compensated counsel at paralegal/clerical rates. *See, e.g.*, *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *2-3 (Fed. Cl. Spec. Mstr. June 30, 2017); *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at *5-6 (Fed. Cl. Spec. Mstr. May 10, 2018); *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). Because Attorney Prlich was not a member of the USCFC bar until 2023, her work in 2022 must be compensated at a paralegal rate. The highest paralegal rate for 2022 is $177.00 per hour, which I apply to Attorney Prlich's billed time. Application of this rate results in a reduction of **$1,084.10**.[3]

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See, e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011). Rather, when assessing attorney's fees and costs, the goal is to achieve a "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. Multiple entries in the submitted billing records are for clerical or administrative tasks. For instance, there are entries for preparing exhibits for filing, preparing notices of filing, organizing files, updating the file, filing documents in CM/ECF, reviewing ECF notifications, calendaring deadlines, and burning discs. *See* Ex. 20 at 9-11, 14, 17, 26, 27, 29, 36,

---

[3] This amount is calculated as $470 - $177 = $293 x 3.7 hrs. = $1,084.10.

37, 39, 40, 42, 45-48, 51-53.  While these tasks were mostly completed by paralegals, some attorneys also billed for these tasks.  In the Vaccine Program, this type of administrative work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

In reviewing Ex. 20, approximately 21.7 of the 271.5 hours billed by the Siri & Glimstad firm are properly characterized as clerical or administrative in nature.  I will apply an overall 5% reduction to Petitioner's requested attorneys' fees.  Ms. Wallace and the Siri & Glimstad firm have had fees reduced for similar reasons in other cases. *See, e.g.*, *Jett-Crawford*, 2024 WL 5320023, at *3-4 (reducing Ms. Wallace's attorneys' fees by 5% for clerical and administrative time); *Carroll on behalf of J.W. v. Sec'y of Health & Hum. Servs.*, No. 19-1125V, 2023 WL 2771034 at *3-4 (Fed. Cl. Spec. Mstr. Apr. 4, 2023) (excluding compensation administrative tasks); *Harvey v. Sec'y of Health & Hum. Servs.*, No. 20-596V, 2022 WL 15883372, at *4 (Fed. Cl. Spec. Mstr. Oct. 6, 2022) (reducing attorneys' fees for clerical tasks, for which no charge is appropriate).  I conclude that a reduction of 5% is fair in light of these improper charges.  This results in a reduction of **$3,069.96**.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$58,329.15**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $1,579.96 in attorneys' costs.  This amount consists of costs associated with acquiring medical records, postage, the Court's filing fee, courier services, and translation services. Ex. 20 at 54-82.  Petitioner has provided adequate documentation supporting all requested costs and Respondent has not identified any specific costs as objectionable.  I find these costs to be reasonable and I award them in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable.  I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $62,483.20 |
| (Reduction to Fees) | ($4,154.06) |
| **Total Attorneys' Fees Awarded** | **$58,329.15** |
| | |
| Attorneys' Costs Requested | $1,579.96 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,579.96** |

|  |  |
|---|---|
| **Total Amount Awarded** | **$59,909.11** |

**Accordingly, I award a lump sum in the amount of $59,909.11, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/ Jennifer A. Shah
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).